U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed May 26, 2010**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| WILLOW PARK DEVELOPMENT, L.L.C. | § | CASE NO. 09-33388-BJH |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

### ORDER CONFIRMING PLAN OF REORGANIZATION

On the 10th day of May, 2010, came on for consideration Confirmation of Debtor's Amended Plan of Reorganization filed March 24, 2010 (the "Plan") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1] Having conducted the Confirmation Hearing, reviewed the evidence presented, the lack of objections to Confirmation and based upon the argument(s) of counsel, THE COURT HEREBY FINDS AS FOLLOWS:

1. <u>Petition Date</u>. The above-captioned Debtor filed its voluntary petition for

___

[1] All capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Plan.

relief under Chapter 11 on June 1, 2009. The proponent of the Plan is Willow Park Development, L.L.C.

2. <u>Vote Solicitation</u>. The Plan, Disclosure Statement, Ballots and other appropriate materials were transmitted to holders of Claims and Equity Interests in accordance with the Order Approving the Disclosure Statement.

3. <u>Notice</u>. Notice of the Plan, the Confirmation Hearing, and the objection and voting deadlines were in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure and/or were determined to be adequate and sufficient Notice. Holders of Claims and Equity Interests have received adequate notice and an opportunity to be heard and were accorded due process in the adjudication of the issues presented by Confirmation of the Plan. Likewise, acceptances of the Plan were solicited in accordance with Section 1125 of the Bankruptcy Code and other applicable Bankruptcy Code provisions.

4. <u>Section 1122</u>. The classification of Claims contained in the Plan is appropriate under Section 1122 of the Bankruptcy Code.

5. <u>Accepting and Rejecting Classes</u>. All Classes of Creditors and Equity Interest holders have voted to accept the Plan, are deemed to have accepted the Plan or in the alternative the Court finds the Plan is fair and equitable and does not discriminate.

6. <u>Section 1123.</u> The Plan complies with Section 1123 of the Bankruptcy Code in that the Plan (a) designates classes of claims, other than claims of a kind specified in Sections 507(a)( 1), 507(a)(2) or 507(a)(8) of the Bankruptcy Code, and a class of partnership interests; (b) specifies each class of claims that is not impaired under the Plan

and the treatment of all classes of claims and interests that are impaired under the Plan; (c) provides for the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment; (d) provides adequate means for the Plan's implementation; (e) if applicable, provides for the inclusion of the Reorganized Debtor's charter or other organization documents of a provision prohibiting the issuance of non-voting equity securities; and (f) makes adequate disclosure of the post-Effective Date management of the Reorganized Debtor and the compensation promised to be paid, all of which is consistent with the interests of creditors and equity interest holders and public policy.

7. <u>Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) thereof.

8. <u>Section 1129(a)2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) thereof.

9. <u>Section 1129(a)(3)</u>. The Plan has been proposed in good faith by the Debtor. The Plan was proposed with the honest intent to reorganize and not by any means forbidden by law. The Plan is in compliance with Section 1129(a)(3) of the Bankruptcy Code.

10. <u>Section 1129(a)(4)</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Bankruptcy Case or in connection with the Plan and incident to this Bankruptcy Case has been approved by or is subject to the approval of the Court as reasonable as required by Section 1129(a)(4) of the Bankruptcy Code.

11. <u>Section 1129(a)(5)</u>. In the Plan, the Disclosure Statement and at the Confirmation Hearing, the Debtor complied with Section 1129(a)(5) by disclosing the identity and affiliations of each of the individuals proposed to serve, after the Effective Date of the Plan, as management for the Reorganized Debtor.

12. <u>Section 1129(a)(6)</u>. The Plan does not require the approval of any governmental regulatory commission as contemplated by section 1129(a)(6) of the Bankruptcy Code.

13. <u>Section 1129(a)(7).</u> With respect to each Impaired Class of Claims or Equity Interests under the Plan, each holder of an Allowed Claim or Equity Interest of such Class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if such Claimant's or Equity Interest Holder's claim or interest were liquidated under Chapter 7 of the Bankruptcy Code in compliance with Section 1129(a)(7) of the Bankruptcy Code. The Plan satisfies the "best interest" of creditors test.

14. <u>Section 1129(a)(8)</u>. The Debtor did not receive any votes in opposition to the Plan and received three votes in favor of the Plan from Amegy Mortgage Company, LLC (a secured creditor), Billy Wayne Turrentine (a secured creditor), and Donald Lee MacFarlane (an unsecured creditor).

15. <u>Section 1129(a)(9)</u>. The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

16. <u>Section 1129(a)(10)</u>. The Plan satisfies the requirement of Section

1129(a)(10) in that at least one class of impaired creditors has voted to accept the Plan.

17. Section 1129(a)(11). The Plan meets the requirements of Section 1129(a)(11) because based upon the evidence presented it is sufficiently feasible and not likely to be followed by the need for further financial reorganization.

18. Section 1129(a)(12). All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on and after the Effective Date as required by Section 1129(a)(12) of the Bankruptcy Code.

19. Section 1129(a)(13). The Debtor has no obligation to retirees and therefore Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

20. Section 1129(a)(14). The Debtor does not have any domestic support obligations.

21. Section 1129(a)(15). The Debtor is not an individual and therefore Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

22. Section 1129(a)(16). The Plan satisfies the requirements of Section 1129(a)(16) of the Bankruptcy Code.

23. Section 1129(b). To the extent that 1129(b) is implicated, the Plan does not discriminate unfairly and is fair and equitable.

24. Professional Fee Claims. Each Professional Person or other entity that holds or asserts an Administrative Claim that is a fee claim incurred before the Effective Date shall be required to File with the Bankruptcy Court, and serve on all parties required to receive notice under the Bankruptcy Rules, a Fee Application within sixty (60) days after the Effective Date. The Court will determine the Allowed amount of any such Fee

Claim after notice and a hearing. The failure to file the Fee Application timely shall result in the Fee Claim being forever barred and discharged. To the extent necessary, entry of this Confirmation Order shall amend and supersede any previously entered order of the Bankruptcy Court regarding procedures for the payment of fee claims.

Therefore, THIS COURT HEREBY CONCLUDES, as a matter of law, that:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

2. The Plan complies with all elements of Section 1129 of the Bankruptcy Code. The Plan is hereby confirmed.

Now, upon the motion of the Debtor and after due deliberation, the Court hereby ORDERS, ADJUDGES AND DECREES that:

1. <u>Rule 7052</u>. The Findings and Conclusions of this Court set forth above shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 made applicable to this matter by Bankruptcy Rule 9014.

2. <u>Findings and Conclusions</u>. To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such. To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

3. <u>Incorporation by reference of Plan</u>. The terms of the Plan are incorporated in this Order and shall be treated as a part hereof. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

4. <u>Confirmation of Plan</u>. The Plan is confirmed in all respects pursuant to

Section 1129 of the Bankruptcy Code.

5. <u>Interest rate with respect to the secured debt of Billy Wayne Turrentine</u>. The interest rate for the class 4 secured claim will be increased by 2.5% and shall bear interest at the rate of eight percent per annum (8%).

6. <u>Closing of Record</u>. Upon entry of this order, the record of the Confirmation Hearing is closed.

7. <u>Section 1142</u>. In accordance with section 1142 of the Bankruptcy Code, the Debtor, the Reorganized Debtor, the General Partner and its directors, officers, agents, attorneys and representatives, are authorized, empowered, directed and ordered to forthwith issue, execute, deliver, file and record any other agreement, document, instrument or certificate referred to in or contemplated by the Plan (collectively, the "Documents"), and to take any corporate or other action necessary, useful or appropriate to implement, effectuate and consummate the Plan and the Documents in accordance with their respective terms.

8. <u>Further Implementation</u>. Each and every federal, state, commonwealth, local or other governmental agency or department is hereby directed and ordered to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan or this Order.

9. <u>Notice of Confirmation</u>. Pursuant to Bankruptcy Rule 3020(c), within ten (10) Business Days following entry of this Order, or as soon as practicable thereafter, the Debtor shall mail to holders of Claims and Equity Interests a notice, as provided in

Bankruptcy Rule 2002(f) by mail.

10. <u>Retention of Jurisdiction</u>. Notwithstanding Confirmation of the Plan and except as expressly provided above, this Court retains jurisdiction over the Debtor's Bankruptcy Case pursuant to and for the purposes set forth in (a) Sections 105(a) and 1127 of the Bankruptcy Code, (b) Article IX of the Plan, (c) to enforce the terms of this Order and (d) for such other purposes as may be necessary or useful to aid in the implementation and consummation of the Plan.

11. <u>Trustee fees</u>. The Reorganized Debtor shall be responsible for timely payment of all fees incurred pursuant to 28 U.S.C. § 1 930(a)(6). After confirmation, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each month (or portion thereof) the case remains open. Such report shall be in the format prescribed by the United States Trustee.

# # # END OF ORDER # # #